UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **TERRANCE JACKSON** | **CASE NO. 20-cv-462** |
| -vs- | **JUDGE DRELL** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

ORDER

Before the court is U-Haul International Inc.'s ("U-Haul") unopposed motion for summary judgment (Doc. 57). The motion is properly before the court for consideration and disposition. For the reasons set forth herein, the motion will be GRANTED.

I. Background

Terrence Jackson filed the instant lawsuit for damages he allegedly sustained in a motor vehicle accident on December 2, 2018, in Natchitoches Parish. According to the complaint, Terrence Jackson was a passenger in a 2007 International Tractor owned by Highway Graphics, LLC that was struck from behind by a 2000 Toyota 4-Runner that was towing a 4'x8' cargo trailer rented from U-Haul.

Jackson named the driver of the 4-Runner, Christopher McCormick; McCormick's insurer, State Farm Mutual Automobile Insurance Company; Highway Graphics, LLC's insurer, Phoenix Insurance Company; U-Haul; and a fictitious insurer, "ABC Insurance Company," as defendants. Among Jackson's allegations are that the rental agreement between U-Haul and McCormick for the use of the 4'x8' trailer provided automobile liability insurance to McCormick. (Doc. 43, p.4).

Thus, U-Haul and/or ABC Insurance Company were liable to Terrance along with the other defendants.

U-Haul filed the instant motion for summary judgment arguing that the rental agreement was not between U-Haul and McCormick but was with one of its affiliates, U-Haul Company of Florida ("UHFL"). According to the statement of uncontested facts (Doc. 57-1), McCormick rented a cargo trailer at Kam Towing and Recovery, which, at the time, was a UHFL authorized dealer in Cocoa, Florida. At the time of the rental, McCormick entered into an "Equipment Rental Contract" with UHFL. That contract and the "Rental Contract Addendum/Document Holder" set forth the terms pertaining to the rental of the cargo trailer. U-Haul was not a party to that rental agreement; it did not own, lease, or rent the cargo trailer at issue; and it did not provide liability protection regarding the rental trailer. Rather, U-Haul acted as a clearing house operation for its affiliates who engaged in the business of renting equipment, self-storage, and related products and services.

II. Law

Summary judgment is appropriate when the evidence shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is considered "material" in the context of the court's analysis when its existence or nonexistence affects the outcome of one or more claims under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" when the evidence would permit a reasonable fact finder to render a verdict in favor of the nonmoving party. Id.

The moving party bears its burden by supporting its motion with specific portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits,

if any which it believes demonstrate the absence of any genuine dispute of material fact in the case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Anderson, 477 U.S. at 247). A defendant will meet this burden when it shows a lack of evidence to support plaintiff's claim on an issue as to which plaintiff will bear the burden of proof at trial and plaintiff is unable, in response, to produce summary judgment evidence sufficient to sustain a finding in plaintiff's favor on the issue. James v. State Farm Mut. Auto Ins. Co., 743 F.3d 65, 68 (5th Cir.2014) (quoting Kovacic v. Villarreal, 628 F.3d 209, 212 (5th Cir.2010).

We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) (internal quotations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

III.  Analysis

Record evidence in this lawsuit establishes that U-Haul did not enter into a contract with McCormick for the rental of the cargo trailer nor did it provide any insurance for the accident that occurred on December 2, 2018. Stephen R. Winkelman, the Assistant Secretary of U-Haul, stated in his sworn affidavit that U-Haul "acts as a clearing house operation for its affiliates who are engaged in the business of the rental of equipment; self-storage; and related products and services." (Doc. 57-4). He further stated that U-Haul "does not own, lease or rent trailers, including the 4' by 8' cargo trailer…involved in the December 2, 2018 accident at issue in this matter." (Id.) Moreover, Mr. Winkelman advised that U-Haul "did not issue any liability protection covering any individuals or entities named as defendant in [this] lawsuit at the time of the [December 2, 2018, accident]."

No party has submitted evidence to the contradict the affidavit of Mr. Winkelman; thus, there is no genuine dispute regarding U-Haul's involvement, or lack thereof, in this matter.

U-Haul also raises a claim that UHFL was neither required to nor did it provide liability protection to McCormick for the cargo trailer. We need not address this issue to decide the motion for summary judgment and we do not believe it to be properly raised as this is an issue regarding UHFL, not U-Haul.

IV.     Conclusion

For the reasons set forth herein, U- Haul International, Inc's motion for summary judgment will be GRANTED and all claims against it will be DISMISSED WITH PREJUDICE. The court will issue a judgment in conformity with these findings.

THUS, DONE AND SIGNED at Alexandria, Louisiana this 5 day of August 2022.

                                                    DEE D. DRELL, SENIOR JUDGE
                                                    UNITED STATES DISTRICT COURT